BUERK v. IMHAEUSER and another.*

*(Circuit Court, S. D. New York.   February 2, 1882.)*

1. EQUITY PRACTICE—INTERROGATORIES IN BILL—SUFFICIENCY OF ANSWER.
     Under the rules in equity defendants are required to answer specifically only such interrogatories in the bill as by the note thereunder written they are required to answer; otherwise they need answer only as specifically as the stating part of the bill charges.

In Equity.   On exceptions to answer.
*William C. Hauff*, for plaintiff.
*Arthur v. Briesen*, for defendants.

WHEELER, D. J.   This cause has now been heard on exceptions to the answer for insufficiency.   The bill states the recovery of judgments by decree against the defendants for the payment of money; that execution cannot be satisfied for want of property to be found; that the defendants have or have had property, without specifying any in particular; and prays a discovery of their property in hand or held in trust for them.   The interrogatories make more specific inquiries. The answer denies generally that the defendant answering has any property in his hands, or that any is held in trust for him, or that he has conveyed away any since the decree, at all, or before, in view of it, to defeat it.   The rules in equity require defendants to answer only such interrogatories as they are specifically required by note to answer.   This bill, accordingly, required the defendants to answer such interrogatories as by the note thereunder written they should be required to answer.   There is no note thereunder written; therefore there were no interrogatories to be specifically answered.   They were only required to answer the stating part of the bill.   This the defendant answering has done, as specifically as he is by the bill charged.   No ground is known for making a defendant give a particular account of all the property he has ever had, or deny specifically having had particular property, upon such general charge as to having had property before, which cannot be found now to satisfy judgments.   At least, the particular property sought to be reached should be pointed out before anything more than a general answer should be compelled.

Exceptions overruled

See *Chicago, St. L. & N. O. R. Co.* v. *Macomb*, 2 FED. REP. 18.

*Reported by S. Nelson White, Esq., of the New York bar.